IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ROBERTS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-29J |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Maureen P. Kelly |
| SHAWN ALLWEIN, CO1 GAYDOS, | ) | |
| CO1 PHILLIPI, CO 2 SGT. RINGLING, *and* | ) | Re: ECF Nos. 33, 35 |
| DEPARTMENT OF CORRECTIONS (SCI | ) | |
| SOMERSET), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Joshua Roberts ("Plaintiff"), an inmate at the State Correctional Institution at Rockview ("SCI – Rockview"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs. ECF No. 10. Plaintiff alleges that on May 19, 2019, Defendants CO1 Gaydos, CO1 Phillipi, CO 2 Sgt. Ringling, and Department of Corrections violated his Eighth and Ninth Amendments constitutional rights by failing to protect him from an assault by fellow inmate Shawn Allwein, and then by failing to provide necessary medical treatment. ECF No. 10.

Presently before this Court is correspondence received by the Court and docketed on October 4, 2021. ECF No. 35. Through the letter and an earlier letter docketed on September 30, 2021, ECF No. 33, it is apparent that Plaintiff has misconstrued the Order entered on August 13, 2021, by the Honorable Stephanie L. Haines, the United States District Judge assigned to this case at ECF No. 26, and that Plaintiff believes that counsel will be appointed on his behalf. In her Order, Judge Haines determined that "at this early state in the litigation, appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion"

to appoint counsel. Id. at 2.  Accordingly, Judge Haines overruled the Plaintiff's objections and affirmed the Order entered by the undersigned on June 7, 2021, denying Plaintiff's initial Motion to Appoint Counsel.

Given the circumstances, the Court construes Plaintiff's recent correspondence as a second Motion to Appoint Counsel. This requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

Plaintiff indicates that Defendants have filed a Motion to Dismiss raising various legal theories and defenses to his Complaint and states that he requires the assistance of counsel to procure video footage and records from the "State Police of Somerset." ECF No. 35.

Consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), reveals that the appointment of counsel in this instance is not warranted.   As an initial matter, it does not appear that Plaintiff's claims are meritorious such that the exercise of the Court's discretion is appropriate at this time.   Plaintiff continues to demonstrate an ability to present his own case at this early stage of the litigation. He has appropriately responded to Court orders, and factual investigation is not necessary to resolve the pending Motion to Dismiss. To the extent Plaintiff's access to the prison law library impedes his ability to respond to any motion, he may file a motion for extension of time for the Court's consideration.  In addition, should this action survive the pending Motion to Dismiss, the Court will enter a case management order permitting discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure.  At that time, Plaintiff may request that the Defendants produce a copy of the video footage he seeks.

Balancing Plaintiff's able representation thus far with the acknowledged scarcity of available *pro bono* resources, the Court declines to exercise its discretion at this time to request

counsel to represent plaintiff in the prosecution of this action. See Houser v. Folino, 927 F.3d 693 (3d Cir. June 19, 2019) (citing Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)).

Accordingly, this 6th day of December 2021, IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel, ECF Nos. 33 and 35, are DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Stephanie L. Haines
United States District Judge

All counsel via CM/ECF

Joshua Roberts
NM4593
SCI Rockview
1 Rockview Place
Box A
Bellafonte, PA 16823