IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ROBERTS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHAWN ALLWEIN, CO1 GAYDOS, CO1 )<br>PHILLIPI, CO2 SGT. RINGLING, and )<br>DEPARTMENT OF CORRECTIONS (SCI )<br>SOMERSET) )<br>)<br>Defendants. ) | Civil Action No. 3:21-cv-29<br>Judge Stephanie L. Haines<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

This is a civil rights case brought by Plaintiff Joshua Roberts ("Plaintiff") that has been referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

**I.    Factual and Procedural Background**

Plaintiff's claims are set forth in his Complaint (ECF No. 10), which was docketed on May 4, 2021, after Magistrate Judge Kelly granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 9). The Complaint alleges Plaintiff was attacked by fellow inmate, Defendant Shawn Allwein, on May 3, 2019, and that Defendants CO1 Gaydos, CO1 Phillipi, CO 2 Sgt. Ringling, and the Department of Corrections ("SCI-Somerset") (collectively, the "Corrections Defendants") failed to protect Plaintiff from the assault. On September 13, 2021, the Corrections Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6) (ECF No. 29) and Brief in Support of their Motion to Dismiss (ECF No. 30). Magistrate Judge Kelly ordered Plaintiff to respond to the Motion to Dismiss on multiple occasions (ECF Nos. 31 and 39), however, Plaintiff

1

failed to file a response. Instead, Plaintiff filed various documents with the Court (ECF Nos. 33, 35, and 42) which contained, in part, arguments in opposition to the Motion to Dismiss.

On February 28, 2022, Magistrate Judge Kelly issued a Report and Recommendation (ECF No. 44) recommending that the Corrections Defendants' Motion (ECF No. 29) should be granted in part, with Plaintiff's claims against Defendant SCI-Somerset and Plaintiff's Ninth Amendment claim dismissed with prejudice, Plaintiff's Eighth Amendment failure to protect claim against Defendants CO1 Gaydos, CO1 Phillipi, CO 2 Sgt. Ringling dismissed without prejudice, and for Plaintiff to be granted leave to file an amended complaint to reassert his Eighth Amendment failure to protect claims, as well as any claim for the denial of medical treatment since the Corrections Defendants did not address Plaintiff's denial of medical treatment claim.[1]

Plaintiff was directed that he had until March 14, 2022 to file objections to the Report and Recommendation (ECF No. 44), however, the Report and Recommendation was subsequently returned to the Court as undeliverable. Magistrate Judge Kelly then permitted Plaintiff until May 13, 2022 to file objections to the Report and Recommendation (ECF No. 50). On May 5, 2022, Plaintiff filed his Objections (ECF No. 54). In his objections, Plaintiff states he does not object to Defendant SCI-Somerset being dismissed from this matter, but he asserts that his remaining claims against the Corrections Defendants should not be dismissed and that these Defendants have refused to provide him with records relating to certain policies and police reports which would support his claims in this case.

---

[1] In the Report and Recommendation (ECF No. 44), Magistrate Judge Kelly indicates she construed Plaintiff's documents filed at ECF Nos. 33, 35, and 42 as a response to the Corrections Defendants' Motion (ECF No. 29).

**II. Legal Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

**III. Analysis**

As a preliminary issue, Plaintiff states he does not object to the dismissal of Defendant SCI-Somerset, and Plaintiff makes no specific objection as to the dismissal with prejudice of his Ninth Amendment claims. Accordingly, the Court will adopt Magistrate Judge Kelly's recommendation that these claims should be dismissed with prejudice.

However, Plaintiff indicates he intends to pursue his failure to protect Eighth Amendment claim. In the Report and Recommendation (ECF No. 44), Magistrate Judge Kelly correctly states the following standard for an Eighth Amendment failure to protect claim:

> To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm.

*Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (internal quotation marks and citations omitted) (abrogated on other grounds by *Bistrian v. Levi*, 912 F.3d 79, 84 (3d Cir. 2018)). The test for deliberate indifference is two-fold: "the official must both be aware of facts from which the

3

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In applying this standard to Plaintiff's claims, Magistrate Judge Kelly appropriately found that the Complaint (ECF No. 10) does not state a failure to protect claim upon which relief may be granted. Plaintiff does not allege any facts establishing that the Corrections Defendants knew Defendant Allwein presented a substantial risk of serious harm or that they had the chance to intervene and failed to do so. Plaintiff's conclusory allegations do not plead conditions indicting a substantial risk of serious harm, that the Corrections Defendants were indifferent to that risk to Plaintiff's safety, or that any deliberate indifference caused the harm. *See Zuniga v. Chamberlain*, 821 F. App'x 152, 157 n.8 (3d Cir. 2020) (plaintiff's generalized allegations that staff failed to protect him failed to state a claim).

In his Objections (ECF No. 54), Plaintiff argues that he requires documents on the proper policy of housing inmates, training and general security of the jail, and copies of police reports to support his claims. However, such factual investigation is not necessary to resolve the pending Motion to Dismiss (ECF No. 29), and Plaintiff is not entitled to discovery at this stage in the litigation when he has failed to sufficiently plead his failure to protect claim. Accordingly, the Court finds Plaintiff's Objections (ECF No. 54) are unavailing, and that Magistrate Judge Kelly properly concluded that Plaintiff failed to state a failure to protect claim under the Eighth Amendment.

Magistrate Judge Kelly recommended though that the Court dismiss Plaintiff's failure to protect claim without prejudice and permit Plaintiff leave to file an amended complaint. The Court adopts this recommendation, and Plaintiff may file an amended complaint within thirty days reasserting his Eighth Amendment failure to protect claim against Defendants CO1 Gaydos, CO1

Phillipi, and CO 2 Sgt. Ringling and any claim for the denial of medical treatment only. Plaintiff is reminded that the amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to the complaint already filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements and should explain to the Court what happened by specifically describing each Defendant's behavior or action and how that behavior or action — or lack of action — resulted in the alleged violations of Plaintiff's Constitutional rights. If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this case will be subject to dismissal for his failure to prosecute.

Magistrate Judge Kelly also recommended that if Plaintiff failed to file an amended complaint, his remaining claim for the denial of medical care should be permitted to proceed, but the Court should dismiss all other claims with prejudice. The Court also adopts this recommendation, and accordingly, the following order is entered:

### ORDER

AND NOW, this 9th day of June, 2022, IT IS HEREBY ORDERED that Plaintiff's Objections (ECF No. 54) are OVERRULED; and,

IT IS FURTHER ORDERED that, for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation (ECF No. 44), which is adopted in whole as the opinion of the Court, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 29) is GRANTED in part and DENIED in part as follows:

1. Plaintiff's claims against Defendant SCI-Somerset are DISMISSED WITH PREJUDICE;
2. Plaintiff's Ninth Amendment claim is DISMISSED WITH PREJUDICE;
3. Plaintiff's Eighth Amendment failure to protect claim is DISMISSED WITHOUT PREJUDICE;

4. Plaintiff may file an amended complaint on or before **July 11, 2022** correcting the identified deficiencies and in accordance with this Memorandum Order. If Plaintiff fails to file an amended complaint, his remaining claim for the denial of medical care shall be permitted to proceed, but all other claims shall be dismissed with prejudice.

_____
Stephanie L. Haines
United States District Judge