IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ROBERTS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHAWN ALLWEIN, CO1 GAYDOS, CO1 )<br>PHILLIPI, CO2 SGT. RINGLING, and )<br>DEPARTMENT OF CORRECTIONS (SCI )<br>SOMERSET) )<br>)<br>Defendants. ) | Civil Action No. 3:21-cv-29<br>Judge Stephanie L. Haines<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM OPINION**

This is a civil rights case brought by Plaintiff Joshua Roberts ("Plaintiff") that has been referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.

Plaintiff's claims are set forth in his Complaint (ECF No. 10), which was docketed on May 4, 2021, after Magistrate Judge Kelly granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 9). The Complaint alleges Plaintiff was attacked by fellow inmate, Defendant Shawn Allwein, on May 3, 2019, and that Defendants CO1 Gaydos, CO1 Phillipi, CO 2 Sgt. Ringling, and the Department of Corrections (SCI-Somerset) (collectively, the "Corrections Defendants") failed to protect Plaintiff from the assault and were deliberately indifferent to his medical needs.

On September 13, 2021, the Corrections Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6) (ECF No. 29) and Brief in Support of their Motion to Dismiss (ECF No. 30). On February 28, 2022, Magistrate Judge Kelly issued a Report and Recommendation (ECF No. 44) recommending that the Corrections Defendants' Motion to Dismiss (ECF No. 29) should be

granted in part, with Plaintiff's claims against Defendant SCI-Somerset and Plaintiff's Ninth Amendment claim dismissed with prejudice and Plaintiff's Eighth Amendment failure to protect claim against Defendants CO1 Gaydos, CO1 Phillipi, and CO 2 Sgt. Ringling dismissed without prejudice. Magistrate Judge Kelly recommended that Plaintiff should be granted leave to file an amended complaint to reassert his Eighth Amendment failure to protect claims and any claim for the denial of medical treatment as the Corrections Defendants did not address Plaintiff's denial of medical treatment claim in their motion. However, she further recommended that if Plaintiff failed to file an amended complaint, his remaining claim for the denial of medical care should be permitted to proceed, but all other claims dismissed with prejudice (ECF No. 44 at p. 10).

On June 9, 2022, this Court adopted the Report and Recommendation (ECF No. 44) in its Memorandum Order filed at ECF No. 56. This Court also instructed Plaintiff that if he failed to file an amended complaint, his remaining claim for denial of medical care would be permitted to proceed but all other claims would be dismissed with prejudice. Plaintiff was granted an extension until October 18, 2022 to file an amended complaint (ECF No. 58) but he failed to file an amended complaint. Therefore, on October 19, 2022, Magistrate Judge Kelly issued a Memorandum Order (ECF No. 62)[1] finding that the Complaint docketed at ECF No. 10 is the operative complaint, and directing the Corrections Defendants to file their Answer. On November 4, 2022, the Corrections Defendants filed their Answer (ECF No. 70).

---

[1] In this same order (ECF No. 62), Magistrate Judge Kelly denied Plaintiff's request for the Court to reconsider its denial of his prior requests for appointment of counsel. Magistrate Judge Kelly again denied Plaintiff's request for counsel (ECF No. 66) on November 3, 2022 (ECF No. 67). On November 18, 2022, Plaintiff filed an appeal of Magistrate Judge Kelly's denial of Plaintiff's request for counsel (ECF No. 75). For the reasons previously stated by Magistrate Judge Kelly (ECF Nos. 16, 38, and 62) and this Court (ECF Nos. 26 and 55), the Court will overrule Plaintiff's appeal (ECF No. 75) and affirm Magistrate Judge Kelly's denial of Plaintiff's request to appoint counsel (ECF No. 67).

Currently pending before the Court is the Motion for Judgment on the Pleadings (ECF No. 73) and Brief in Support (ECF No. 74) filed by the Corrections Defendants. On November 28, 2022, Magistrate Judge Kelly notified the parties that, because the Corrections Defendants presented grievance records to support their failure to exhaust argument, the Court would treat the Motion for Judgment on the Pleadings (ECF No. 73) as a motion for summary judgment under Federal Rule of Civil Procedure 56 (ECF No. 76). On December 28, 2022, Plaintiff filed his Response to Defendants' Motion for Judgment on the Pleadings (ECF No. 77). On March 7, 2023, Magistrate Judge Kelly issued a Report and Recommendation (ECF No. 78) recommending that the Court grant the Motion for Judgment on the Pleadings (ECF No. 73) based on Plaintiff's failure to exhaust administrative remedies and because Plaintiff failed to assert a claim upon which relief may be granted. Plaintiff was advised that written objections to the Report and Recommendation (ECF No. 78) were due on March 24, 2023 for unregistered ECF users. See 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On March 21, 2023, Plaintiff filed a Motion for Extension of Time to File Response (ECF No. 79) to the Report and Recommendation, and Magistrate Judge Kelly granted Plaintiff's request and ordered Plaintiff to file his objections by May 22, 2023 (ECF No. 80). However, to date, Plaintiff has not filed objections.

Upon review of the record and the Report and Recommendation (ECF No. 78) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

Magistrate Judge Kelly appropriately determined that the sole grievance relied upon by Plaintiff did not serve to put prison officials on notice of his medical claim, and there is

no evidence of a timely submitted grievance related to Plaintiff's medical treatment. Accordingly, Plaintiff failed to exhaust available administrative remedies for his deliberate indifference claim against the Corrections Defendants. Magistrate Judge Kelly also appropriately determined that, based on the pleadings in the original complaint (ECF No. 10), which Plaintiff declined to amend despite being granted leave to do so, Plaintiff failed to allege facts upon which a reasonable factfinder could find that any Corrections Defendant was deliberately indifferent to Plaintiff's medical needs. Given Plaintiff's previous opportunities to amend, the Court also agrees with Magistrate Judge Kelly's recommendation that judgment on Plaintiff's remaining Eighth Amendment claim in favor of the Corrections Defendants is appropriate as amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (dismissal is appropriate where amendment "would be inequitable or futile.").

Based on the foregoing, the Court will therefore adopt Magistrate Judge Kelly's Report and Recommendation (ECF No. 78) as the Opinion of this Court and grant the Motion for Judgment on the Pleadings (ECF Nos. 73). The Court will enter judgment in favor of the Corrections Defendants as to Plaintiff's claims against them. An appropriate Order will follow.

DATE:

                                              Stephanie L. Haines
                                              United States District Judge